IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| **MARKYL LEE aka MARKYL ANGEL LEE, an individual; and PROMISES TO KEEP, a Florida limited liability company,** | : | |
| | : | **Civil No. 2:09-cv-00175** |
| | : | **REPORT & RECOMMENDATION** |
| Plaintiffs, | : | **JUDGE DEE BENSON** |
| vs. | | |
| **MAX INTERNATIONAL, LLC, a Utah limited liability company,** | | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendant. | | |

This matter was referred to this Court by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

On April 14, 2010, a motion hearing in the above entitled case was held at which attorney Derek Banducci of Wellman & Warren LLP, appeared on behalf of plaintiffs Markyl Lee and Promises to Keep, LLC, and Erik A. Christiansen of Parsons Behle & Latimer appeared on behalf of defendant Max International, LLC.[2]

---

[1] Docket No. 17.

[2] Docket No. 77.

At the hearing the following motions were addressed: (1) Plaintiff Max International, LLC's Motion To Strike Plaintiffs' Certificate of Compliance And Renewed Motion For Terminating Sanctions for Plaintiffs' Failure To Comply;[3] (2) Defendant's Motion For Protective Order Regarding Depositions Notice For February 2010;[4] and (3) Plaintiff's Motion To Amend The Scheduling Order And Extend Discovery Cutoff.[5]

Having considered the pleadings and record before the Court and argument of counsel, the Court hereby finds that it must enter a recommendation to the district court advising that the case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37.[6] This Court does not enter such sanctions lightly. Instead, the Court finds that it is forced to do so based upon plaintiff's continued failure, without good cause explanation, to afford the judicial process due respect by complying with the Court's October 2, 2009,[7] and January 12, 2010,[8] rulings.

The Court's review of the "Ehrenhaus Factors" confirms its decision to recommend dismissal.[9] Specifically, the Court finds that the defendant has been

---

[3] Docket No. 62.

[4] Docket No. 65.

[5] Docket No. 68.

[6] Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure permit a court to dismiss "the action or proceeding in whole or in part" as a result of a failure to obey an order to provide or permit discovery.

[7] Docket No. 39.

[8] Docket No. 55.

[9] Before choosing dismissal as a just sanction, a court should consider a number of factors including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the

prejudiced by the plaintiffs' failure to comply as it has effectively prohibited defendant from being able to prepare its own claims and defenses. Second, the Court finds that the plaintiffs' failure to comply and concomitant delay tactics have interfered with the judicial process itself. Third, in its January 12, 2010, ruling, the Court explicitly warned plaintiffs of the consequences of their continued noncompliance indicating that a continued failure to comply with court orders would result in the "harshest of sanctions."[10] Fourth, the Court finds that the imposition of lesser sanctions, such as attorneys' fees, has not been effective in ensuring the plaintiffs' compliance.

Given plaintiffs' continued and willful failure to comply with this Court's Orders, despite the prior issuance of sanctions and a clear warning of extreme sanctions, the Court hereby recommends that the sanction of dismissal is just and related to the claims at issue and shall be issued as the recommendation of this Court to the District Court, the Honorable Dee Benson presiding.

Based upon this ruling, the Court finds the motion for protective order[11], and motion to amend[12] are moot.

Copies of the foregoing report and recommendation are being mailed to all

---

court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992)(internal citations omitted). In this case, the Court makes no conclusion as to the culpability of the litigants themselves in failing to comply with the Court's prior orders.

[10] Docket No. 55.

[11] Docket No. 65.

[12] Docket No. 68.

parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this  4th  day of May, 2009.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge